**STATE of Tennessee, Plaintiff-Appellant,**

v.

**Wanda Lou BAKER, Defendant-Appellee.**

Supreme Court of Tennessee.

April 13, 1981.

Robert L. Jolley, Jr., Senior Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Knoxville, for plaintiff-appellant.

George D. Montgomery, Rebecca O. Gillen, Knoxville, for defendant-appellee.

## OPINION

DROWOTA, Justice.

The State has appealed the dismissal of presentments against the defendant, Wanda Lou Baker, due to both pre-presentment and post-presentment delays in the prosecutorial process.

Defendant allegedly forged a check in March of 1977 but was not formally charged by presentment until eighteen months later, on October 25, 1978. Four and one-half months after the presentment, she was arraigned on March 16, 1979. At her arraignment she pled not guilty and moved for dismissal based upon a violation of her Sixth Amendment right to a speedy trial. The trial judge granted the motion and dismissed the presentment based upon the eighteen month period between offense and presentment. The Court of Criminal Appeals affirmed, basing its decision not on the pre-presentment delay but instead on the four and one-half month post-presentment time period.

### I.

The trial court found a speedy trial violation during the period between the time of the commission of the offense and the presentment. In *State v. Bishop*, 493 S.W.2d 81, 83–85 (Tenn.1973), this Court recognized and adopted the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), as the method to determine whether a defendant's right to a speedy trial under the Sixth Amendment to the Constitution of the United States, as made applicable to the State by the Fourteenth Amendment to the Constitution of the United States, and under Article 1, § 9 of the Constitution of Tennessee, as well as Tennessee Code Annotated § 40–2001, was violated. However, no Sixth Amendment speedy trial problem arises until after formal accusation against the defendant, either by arrest or grand jury action. *United States v. Marion*, 404

U.S. 307, 313, 92 S.Ct. 455, 459–463, 30 L.Ed.2d 468 (1971); *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *State v. Northcutt*, 568 S.W.2d 636, 638 (Tenn.Crim.App.1978); *Boswell v. State*, 528 S.W.2d 825, 827 (Tenn.Crim.App. 1975). Both *Marion* and *Lovasco* point out that prior to formal accusation, the defendant's rights are protected by the statute of limitations. *U. S. v. Lovasco, supra*, 97 S.Ct. at 2048; *U. S. v. Marion, supra*, 92 S.Ct. at 464.[1] Nevertheless, the delay may occur in such a manner that the defendant's Fifth Amendment right to due process—in contrast to the Sixth Amendment right to speedy trial—is violated. *U. S. v. Lovasco, supra*, 431 U.S. at 789, 97 S.Ct. at 2048.

The *Lovasco* and *Marion* decisions recognize the necessity of an ad hoc approach to these cases, but also formulate the following test:

> (T)he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellee's rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.

*U. S. v. Marion, supra*, 92 S.Ct. at 465. Though not citing *Marion*, this was the rule adopted in *Halquist v. State*, 489 S.W.2d 88, 93 (Tenn.Crim.App.1972):

> While there is no constitutional right to be arrested, (citation omitted), courts have recognized that an unreasonable delay between the commission of the offense and the arrest may violate the defendant's constitutional rights if the delay results in prejudice to him or was part of a deliberate, purposeful and oppressive design for delay.

See, also, *Wade v. State*, 524 S.W.2d 497, 503 (Tenn.Crim.App.1975).

The burden is upon the accused to show that the delay between the time of the offense and the time of the initiation of prosecution was prejudicial and not for a legitimate reason. *Halquist v. State, supra* at 93; *U. S. v. Marion, supra*, 404 U.S. at 326, 92 S.Ct. at 466; *U. S. v. Lovasco, supra*, 431 U.S. at 790, 97 S.Ct. at 2048. Actual prejudice must be shown by a defendant before a due process claim is triggered. There is no proof in this record[2] of either actual prejudice to the defendant, or of the reasons for the delay in bringing charges against the defendant.

The defendant contends that an eighteen month delay is prejudicial per se. This emanates from the Court of Criminal Appeals' *dicta* in *Halquist* that "the interval between offense and arrest may be so great as to create a presumption of prejudice," citing *Jackson v. U. S.*, 122 U.S.App.D.C. 124, 351 F.2d 821 (1965).

Whether the prejudice in this case was proved to be actual or was founded upon presumption, it is not sufficient in itself to dismiss the presentment. As noted in both *Marion* and *Lovasco*, proof of actual prejudice only makes a due process claim "concrete and ripe for adjudication," and does not make it "automatically valid." *U. S. v. Lovasco, supra*, 97 S.Ct. at 2048. This is because, on the one hand, prejudice may result even from a short and unavoidable delay, while on the other hand, a long delay may result in prejudice to the prosecution as well as to the defendant. *Id.* Thus it is important to look to the reasons for delay: if the State took such action to gain tactical advantage over or to harass the defendant, then a due process case is made out. But in the case at bar, even conceding a finding of prejudice, which the record fails to support, the record is void of any proof of the reason for delay and therefore, the defendant has

---

1. In this case, the presentment was returned within the applicable, four year, statute of limitations. *See* T.C.A. §§ 39–1704 and 40–203.

2. The record consists of a technical record which includes only the presentment, the court orders transferring the defendant to and from the penitentiary for her arraignment, and the minutes of the arraignment. There is also a three page bill of exceptions from the arraignment, however no evidence was introduced at the hearing. The record indicates that the defendant was in prison for part of the time span under scrutiny in this case, apparently as a result of a previous offense.

failed to carry her burden of proof. The trial judge improperly dismissed the presentment in this case.

## II.

■ The Court of Criminal Appeals failed to consider the issue just discussed, instead finding the Sixth Amendment speedy trial issue to be determinative.[3] The Court of Criminal Appeals arrived at the conclusion that the speedy trial right was violated by applying the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as adopted by this Court in *State v. Bishop*, 493 S.W.2d 81, 83–85 (Tenn.1973). Those factors include: (1) the length of the delay; (2) whether the defendant asserted her right to speedy trial; (3) the prejudice emanating from the delay; and (4) the reason for the delay.

■ In analyzing these factors, the Court of Criminal Appeals made no comment as to the impact of a delay period lasting for four and one-half months; found no proof as to the reason for delay in the record, though it held the burden of proving this factor was on the State; found only slim circumstantial indication that defendant had indeed asserted her right; and finally, found no actual—but only "possible"—prejudice resulting from the delay. The court then noted that the conclusions of the trial court were conclusive on appeal unless the evidence preponderated otherwise. However, the trial court never ruled on the speedy trial issue, thus abrogating the presumption of correctness rule in this particular instance.

The *Barker* factors do not justify dismissal of this presentment. The length of delay was four and one-half months. It is questionable whether this period of delay is long enough even to "trigger" a speedy trial analysis. As explained in *Barker v. Wingo, supra*, 92 S.Ct. at 2192:

> The length of the delay is to some extent a triggering mechanism. Until there is

some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.

The period of delay here is certainly not presumptively prejudicial, inasmuch as the court in *Bishop* observed that a two year period there was not "per se extreme." 493 S.W.2d at 85. In *Dodson v. State*, 497 S.W.2d 767, 769 (Tenn.Crim.App.1973), the court summarily disposed of a speedy trial assignment without going beyond the fact that the delay period was only five months.

The record contains no evidence that the defendant asserted her right to a speedy trial; it does not even contain the defendant's motion to dismiss on speedy trial grounds which was heard in conjunction with her arraignment. Failure to assert the right does not operate as a waiver of the right in this context, but it is a crucial factor. *Barker* held:

> The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.

92 S.Ct. at 2192–2193.

See also *State v. Bishop, supra* at 85. Failure to assert the right is in itself an implication that the defendant was not actively seeking a swift trial; aware that delays are often beneficial to defendants, the court in *Barker* observed that evidence that the defendant did not want a speedy trial would never warrant the finding of a constitutional violation except in "extraordinary circumstances," none of which appear to exist here. 92 S.Ct. at 2195.

The defendant has not shown how she was prejudiced by this delay. When considering this factor, *Barker* suggested the analysis of three areas in which defendant could be prejudiced: (1) undue and oppres-

---

**3.** Counsel for the defendant stated in their brief and during oral argument that they were not relying on the Sixth Amendment speedy trial issue, but were relying on the eighteen month pre-presentment delay.

sive incarceration; (2) anxiety accompanying public accusation; and (3) impairment of ability to prepare a defense. *State v. Bishop, supra* at 85. *Barker* held that prejudice was the single most important factor in the balancing test, and that the impairment to the defense was the single most important area in which such prejudice could be felt. 92 S.Ct. at 2193; *Bishop, supra* at 85. It is apparent that the defendant was already incarcerated during the delay period. In such a case, the first two subfactors are nullified; no undue incarceration or anxiety resulting from public accusation can occur where the defendant is already in prison. *State v. Bishop, supra* at 85.

As for the final factor, no reason for the four and one-half month delay has been asserted in this record since this issue was not raised in the trial court. *Barker* pointed out that there is an unavoidable overlapping of this factor with that dealing with the assertion of the right:

> Whether and how a defendant asserts his right is closely related to the other factors we have mentioned. The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. *The more serious the deprivation, the more likely a defendant is to complain.* (emphasis added)

92 S.Ct. at 2192.

Thus, here, the failure to assert the right itself becomes evidence that another factor—prejudice to defendant—either does not exist or is minimal.

For these reasons the judgments of the Court of Criminal Appeals and the trial court are reversed and this case is remanded to the trial court for further proceedings.

HARBISON, C. J., FONES and BROCK, JJ., and DAVIS, Special Justice, concur.