# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

Assigned on Briefs May 6, 2003

## STATE OF TENNESSEE v. JAMES ADMERAL YANDAL

**Direct Appeal from the Circuit Court for Obion County**
**No. 2-68     William B. Acree, Jr., Judge**

_____

### No. W2002-01521-CCA-R3-CD  - Filed October 8, 2003

_____

The defendant appeals his conviction and sentence for selling a Schedule VI drug over one-half ounce, a violation of Tennessee Code Annotated section 39-17-417(a)(3), a Class E felony.  The defendant alleges that the delay between the offense date and his conviction was a due process violation and that his four-year sentence as a Range II offender was excessive.  We conclude that neither issue is meritorious and affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); Joseph P. Atnip, District Public Defender, and William K. Randolph, Assistant Public Defender (at trial and on appeal), for the appellant, James Admeral Yandal.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin D. Alpin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts

In July of 2000, the Union City Police Department was conducting an undercover operation under the direction of Lieutenant Rick Kelly.  Kelly was utilizing an undercover agent, Deborah Huffman, to make drug purchases.  On July 21, 2000, Huffman arranged to buy a quarter of a pound of marijuana from Kenyatta Reaves, a co-defendant.  After receiving purchase money from Kelly and being wired with a transmitter, Huffman proceeded to Reaves' residence.  Initially, Reaves did not have the drugs, but a black male, later identified as the defendant, arrived with the packaged marijuana.  Huffman paid Reaves $325, and the defendant handed Huffman the drugs.  The

defendant was identified through a trace of his vehicle license plate and a subsequent photo identification by Huffman. Testing by the Tennessee Bureau of Investigation revealed the drugs to be 107.3 grams of marijuana. .

The presentence report reflected that this thirty-six-year-old defendant was a high school graduate. He was married and had two daughters, but was currently separated from his wife. He had worked at Goodyear Tire & Rubber from 1989 to 2000, but had been fired and was currently unemployed.

In 2000, the defendant had been convicted for possession of a weapon, a Class E felony, contemporaneously with a conviction for possession of Schedule VI drugs, a Class E felony, and in 1996, for reckless endangerment, a Class E felony. Also, the presentence report showed convictions for five misdemeanors, which did not include the defendant's traffic offense convictions.

## Due Process

The offense was committed on July 21, 2000. An arrest warrant was issued on October 12, 2001, and the defendant was arrested on October 30, 2001. The defendant was tried and convicted in the Circuit Court of Obion County on May 24, 2002. A motion to dismiss the indictment due to delay in prosecution was filed on April 17, 2002, and overruled on April 23, 2002.

The defendant asserts that the delay of more than fourteen months between the commission of the offense and commencement of prosecution was a violation of his due process rights. We do not interpret the defendant's argument as raising a speedy trial issue and do not believe that such an issue could be sustained. It is only after formal grand jury action or actual restraint of arrest that triggers a speedy trial analysis. State v. Utley, 956 S.W.2d 489, 493 (Tenn. 1997); State v. Wood, 924 S.W.2d 342, 345 (Tenn. 1996); State v. Baker, 614 S.W.2d 352, 353 (Tenn. 1981).

A delay between the date of the offense and arrest or indictment may, however, implicate due process concerns under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 9 of the Tennessee Constitution. The standard for evaluation of pre-accusatorial delays as violative of due process was proclaimed in State v. Gray, 917 S.W.2d 668, 673 (Tenn. 1996). We are instructed therein to consider (1) the length of delay; (2) the reason for delay; and (3) the degree of prejudice, if any, to the accused.

The test adopted in Gray was later limited to cases in which the State was not knowledgeable that an offense had been committed. In cases where the State has awareness of the offense, the standard is that set forth in U.S. v. Marion, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). That test is whether the delay caused prejudice to the defendant's right to a fair trial and whether the delay was caused by the State to obtain an advantage. State v. Utley, 956 S.W.2d 489, 495 (Tenn. 1997); see also State v. Carico, 968 S.W.2d 280, 284-85 (Tenn. 1998).

In the case before us, the delay between the date of the offense and instigation of the accusatorial process was slightly in excess of fourteen months. This delay does not approach the periods of delay in Gray (42 years), Utley (5 years), or Carico (7 years). Further, the State's reason for delay was to protect the identity of the undercover agent, thereby allowing the operation she was conducting to continue. The defendant has failed to demonstrate prejudice or any effort by the State to gain a tactical advantage by delay. The defendant complains of his personal lack of memory, but does not allege the existence of any witnesses who were unavailable due to the delay. It will not avail the defendant to complain that the State preserved records of the offense by means of written notes or tape recordings. The undercover agent's testimony was forthright, and her recall was unimpeached. We conclude that the defendant's claim of a due process violation is defeated by his failure to demonstrate prejudice due to the delay in beginning the prosecution.

## Sentence

The defendant contends that his sentence was excessive and that an alternative sentence was proper. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The trial court herein followed the statutory directives, and our review is *de novo* with a presumption of correctness. The defendant, as the appealing party, must show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments.

Having been previously convicted of two felonies, the defendant was sentenced as a Range II, multiple offender. See Tenn. Code Ann. § 40-35-106.

The defendant had received a suspended sentence of one year on each count on his prior felony convictions. On the date of this offense, the defendant was on supervised probation stemming from his convictions entered in 2000 for possession of a weapon and possession of Schedule VI drugs with intent to sell.

The trial court applied three enhancement factors: (1) the defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (8) the defendant had "a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;" and (13)(C) this felony was committed while on probation from the felony convictions in 2000. See Tenn. Code Ann. §40-35-114(8), (13)(C) (1997). The trial court next expressed a need for general deterrence, applying Tennessee Code Annotated section 40-35-102(3)(A), based on the trial judge's observation that the sale of drugs was a serious crime in the community. The trial judge noted that the defendant's crime was

based on intentional conduct for financial gain and that the defendant had previously engaged in similar conduct, all of which the trial court deemed as a need for a deterrent sentence.

Next, the trial court looked to sentencing considerations of Tennessee Code Annotated section 40-35-103(1)(A), (B), and (C), and found that confinement was necessary due to the defendant's long history of criminal conduct and for deterrence purposes, and that less restrictive measures had been ineffective as applied to the defendant. As a Range II, multiple offender, the defendant was not presumed a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). The defendant had advanced as a mitigating factor that the defendant's conduct neither caused nor threatened bodily injury. The trial judge did not recognize this as a mitigating factor but stated that if it were, it would not affect the sentence. Based on the trial evidence, sentencing hearing, presentence report, statements of the defendant, arguments by counsel, principles of the sentencing act and the enhancing factors, the trial court enhanced the presumptive sentence of two years to the maximum of four years and imposed a $3000 fine.

From our review of the record, particularly the pre-sentence report, we conclude that application of enhancement factor of Tennessee Code Annotated section 40-35-114(8) (1997) was in error. The commission of the present offense for which a defendant is being sentenced may not be used to make factor (8) applicable. State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995). Although the record reveals the defendant was placed on supervised probation for a conviction in 1994, there is no indication of any failure to comply with the probation terms.

Having concluded that factor (8) was improperly applied, there remains two enhancement factors. The weight to be afforded these factors is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported on the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

As previously noted, the defendant was not a presumptively favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). However, since the sentence imposed was less than eight years, the defendant was eligible for probation. Tenn. Code Ann. § 40-35-303(a) (2000). The trial court considered both the need for deterrence and the defendant's long record of criminal conduct and found that the defendant had not demonstrated that probation would best serve his or the public's interests. We affirm the sentence as imposed.

_____
JOHN EVERETT WILLIAMS, JUDGE