IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JUNE SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9508-CC-00226 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | FAYETTE COUNTY |
| VS. | ) | |
| | ) | HON. KERRY BLACKWOOD |
| TERRON BLEDSOE, aka "TONY," | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FILED

July 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

LESLIE I. BALLIN
MARK A. MESLER
200 Jefferson Avenue, Suite 1250
Memphis, TN  38103

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

ELIZABETH RICE
District Attorney General

PERRY HAYES
Assistant District Attorney
302 Market Street
Somerville, TN  38068

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Fayette County Circuit Court jury convicted Appellant Terron Bledsoe, aka "Tony," of four counts of knowingly delivering a controlled substance. As a Range I standard offender, Appellant received an effective sentence of nine years in the Tennessee Department of Correction. In this appeal, Appellant presents the following issues: (1) whether the trial court erred in refusing to grant his motion to dismiss for failure to provide a speedy trial, and (2) whether the evidence presented at trial is legally sufficient to sustain convictions for knowingly delivering a controlled substance.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

As accredited by the jury's verdict, the proof shows that, on March 25, 1993, Sandy Gooden, a confidential informant, introduced Tennessee Highway Patrol Officer Wendall Miller to Appellant. During the course of an undercover drug operation, Officer Miller purchased crack cocaine from Appellant on March 25, May 4, May 6, and July 6 of 1993. Each transaction was tape recorded.

On July 23, 1993, a Fayette County Grand Jury returned an indictment charging Appellant with four counts of knowingly delivering a controlled substance in violation of Tenn. Code Ann. Sec. 39-17-417(a)(2). Appellant was arrested pursuant to the indictment and capias on July 12, 1994. On August 5, 1994, Appellant filed a motion to dismiss alleging that he had been deprived of a speedy trial in violation of the Sixth Amendment to the United

States Constitution. Following a hearing, the trial court denied the motion. On December 5, 1994, Appellant was tried before a jury in the Fayette County Circuit Court. The jury returned a verdict of guilty on all four counts of the indictment.

## II. SPEEDY TRIAL

Appellant first alleges that the trial court erred in refusing to grant his motion to dismiss for the alleged failure to provide him a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution. Barker v. Wingo, 407 U.S. 514 (1972). It is also guaranteed by Article 1, Sec. 9 of the Constitution of Tennessee. In Barker the United States Supreme Court enunciated the four following considerations to be taken into account in determining whether a criminal defendant has been deprived of his or her right to a speedy trial:

    (1)    the length of the delay,
    (2)    the reason for the delay,
    (3)    whether the defendant demanded a speedy trial, and
    (4)    whether the defendant was prejudiced by the delay.

Id. at 530.

In State v. Bishop, 493 S.W.2d 81 (Tenn. 1973), the Tennessee Supreme Court adopted the test enunciated in Barker for adjudicating claims of alleged speedy trial deprivations. Therefore, we will address each of the four considerations listed above seriatim.

### A. Length of Delay

The first factor, length of delay, is the triggering mechanism that necessitates the consideration of the other three factors. State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996). Until the delay in bringing the accused is

presumptively prejudicial, it is not necessary to consider the other factors. Barker, 407 U.S. at 530; State v. Baker, 614 S.W.2d 352, 355 (Tenn. 1981).

In the case sub judice Appellant was indicted on July 26, 1993. This formal accusation against Appellant in this matter began the time running for the State to afford Appellant a speedy trial. Id. at 353. He was not tried until December 5, 1994, approximately a year and five months following indictment. The United States Supreme Court has noted that a delay after formal accusation is presumptively prejudicial as it approaches one year. Doggett v. United States, 505 U.S. 647, 652 (1992).

Thus, a delay of almost one and a half years between indictment and trial appears sufficient to trigger an analysis of the other three considerations in Barker.

### B. Reason for the Delay

The second factor, reason for delay, usually falls into one of four categories:

> (a) intentional delay to gain tactical advantage over the defense or to harass the defendant,
>
> (b) bureaucratic indifference or negligence,
>
> (c) delay that is necessary for the fair and effective prosecution of the case, or
>
> (d) delay caused or acquiesced in by the defendant.

Appellant claims that the negligence or indifference of Fayette County authorities caused the delay in his case. He claims his name had been entered in the National Crime Information Center (NCIC) computer following his indictment and that he has lived at the same address all his life. He claims he could have easily been arrested and brought to trial much sooner. The record reflects that when Appellant was indicted the State had no information

-4-

about him other than his name. Appellant's name was entered into NCIC, however a name without a date of birth, driving license number or social security number is apparently insufficient to obtain an address over NCIC. In August 1993 Fayette County authorities obtained a date of birth for Appellant, but were apparently still unable to obtain his address. The Fayette County jail administrator admitted she did at some point receive an F.B.I. fingerprint file number for Appellant, and that given Appellant's prior criminal record an address recorded at the time of a previous arrest could "probably" have been located using the F.B.I. number. No explanation was offered as to why this avenue was left unexplored. In April of 1994 Appellant was arrested on unrelated charges in Shelby County and it was discovered he was wanted in Fayette County on the charges which are the subject of this appeal. Fayette County lodged a detainer against Appellant and when the Shelby County charges were resolved Appellant was returned to Fayette County for arraignment on July 27, 1994.

Fayette County authorities did make some effort to secure the arrest and prosecution of Appellant. His name was immediately entered in NCIC, some efforts were made to obtain an address for Appellant, and once he was located procedures were immediately instituted to return him to Fayette County for trial. While it does appear that Fayette County authorities could have been more aggressive in their efforts to locate Appellant, their actions do not amount to negligence or a lack of due diligence so as to warrant weighing this factor against the State.

## C. Demand for Speedy Trial

The third factor for our consideration is whether Appellant asserted his right to a speedy trial by making a demand for one. The uncontradicted testimony of Appellate established that he was not aware of the existence of Fayette County charges against him until he was returned to Fayette County in July 1994, approximately one year from the time of his indictment. He has never made a demand for a speedy trial. However, under the circumstances we decline to weigh this fact against him. Appellant cannot be expected to make a demand for trial on charges he did not know existed.

## D. Prejudice From the Delay

Possible prejudice to Appellant is the fourth factor taken into account in determining whether he has been deprived of a speedy trial. This consideration is given the greatest weight of all the factors. Wood, 924 S.W.2d at 349. The only proof in the record that as a result of the delay Appellant was hampered in his ability to defend himself are his statements that he could not remember his whereabouts on the dates he was accused of delivering cocaine in Fayette County. On appeal Appellant argues that the delay in bringing him to trial increased the chances he was misidentified since the undercover officer had, during the period of delay, handled so many other narcotics cases involving other individuals.

Neither of Appellant's arguments as to possible prejudice are convincing. Appellant made no attempt to establish an alibi, and never claimed he was not in Fayette County on the dates of the offenses. He only claimed he could not remember where he was on those dates. Secondly, the possibility of misidentification is fairly remote. Two eyewitnesses positively

dentified Appellant as the perpetrator of the offenses in question. One of these witnesses had known Appellant for fifteen years. In addition, Appellant's expert witness, a professor of speech pathology, compared a tape recording of one of the drug transactions allegedly involving Appellant with a known tape recording of Appellant's voice. The expert testified in his professional opinion there was an eighty to eighty-five percent chance the speakers on the tapes were two different people. This testimony was apparently rejected by the jury. Under the circumstances the ability of Appellant to defend himself does not appear to have been impaired by the delay between indictment and trial. This factor weighs against Appellant.

In summary, although the delay of approximately one and a half years from indictment to trial is sufficient to trigger an analysis of the other factors in an inquiry as to whether Appellant was denied a speedy trial, this is not an extraordinary delay. The reason for the delay appears to have arisen more from a lack of specific information concerning the Appellant than from any sort of negligence or indifference. The lack of a demand for a speedy trial results from Appellant's ignorance of the charges against him and should not be held against him. Finally, this record simply does not establish that the ability of Appellant to defend himself was hampered. Due consideration of all these relevant factors compels us to conclude that Appellant was not deprived of his constitutional right to a speedy trial.

### III. SUFFICIENCY OF THE EVIDENCE

Appellant also alleges that the evidence presented at trial is insufficient to sustain his convictions for knowingly delivering a controlled substance. When an appeal challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the

State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979); State v. Evans, 838 S.W.2d 185, 190-91 (Tenn. 1992); Tenn. R. App. P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not reweigh the evidence, re-evaluate the evidence, or substitute its evidentiary inferences for those reached by the jury. State v. Carey, 914 S.W.2d 93, 95 (Tenn. Crim. App. 1995). Furthermore, in a criminal trial, great weight is given to the result reached by the jury. State v. Johnson, 910 S.W.2d 897, 899 (Tenn. Crim. App. 1995).

Once approved by the trial court, a jury verdict accredits the witnesses presented by the State and resolves all conflicts in favor of the State. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The credibility of witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984). A jury's guilty verdict removes the presumption of innocence enjoyed by the defendant at trial and raises a presumption of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant then bears the burden of overcoming this presumption of guilt on appeal. State v. Black, 815 S.W.2d 166, 175 (Tenn. 1991).

In order to sustain convictions in this case, the proof must show that Appellant knowingly delivered a controlled substance to Officer Miller. Appellant argues that he was not the individual who sold the cocaine to Officer

Miller and points to the expert testimony regarding the audio tapes of the transactions to support his claim. Dr. William H. Manning of the University of Memphis testified that, based upon the fundamental pitch test that he performed on the tape of the fourth incident, he was eighty to eighty-five percent sure that the speaker on the tape was not Appellant. However, the evaluation and accreditation of expert testimony are matters within the sole province of the jury as the trier of fact. Edwards v. State, 540 S.W.2d 641, 647 (Tenn. 1976). Furthermore, as stated previously, determining the credibility of witnesses and the weight to be given their testimony as well as resolving conflicts in the proof are matters entrusted exclusively to the jury as trier of fact. Sheffield, 676 S.W.2d at 547. This Court, even if it wished to do so, may not substitute its evidentiary inferences for those drawn by the jury. Carey, 914 S.W.2d at 95. Here, it appears that the jury gave greater weight to the testimony of Officer Miller and Mr. Gooden regarding the cocaine sales than to the testimony of Appellant and his expert witness. Under well-settled Tennessee law, the jury was within its province in doing so. Thus, we conclude that, when viewed in a light most favorable to the State, the evidence presented at trial is legally sufficient to sustain Appellant's convictions for knowingly delivering a controlled substance.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOSEPH M.TIPTON, JUDGE


_____
DAVID H. WELLES, JUDGE