The majority also identifies innocent reasons justifying flight from law enforcement officers. The record does not indicate that Nicholson had innocent reasons for fleeing from the officer or that Nicholson "simply happened on the scene after

Detective Lockwood had unsuccessfully chased other persons." Furthermore, we are not required to find a constitutional violation simply because innocent reasons for such conduct may exist. *See id.* at 125, 120 S.Ct. 673. The test in a reasonable suspicion inquiry is not whether the activity may be consistent with innocent conduct but whether the facts or circumstances "make the conduct reasonably suspicious of past or future criminal conduct." *State v. Scarlett,* 880 S.W.2d 707, 709 (Tenn. Crim.App.1993).

Finally, the majority takes each fact and circumstance and views it in isolation to examine whether reasonable suspicion existed. I agree that each fact and circumstance, standing alone, does not rise to the level of reasonable suspicion. In examining the issue of reasonable suspicion, however, we are required to consider the facts and circumstances in their totality. *See Randolph,* 74 S.W.3d at 336. Under the totality of the facts and circumstances of the present case, Detective Lockwood could have reasonably suspected at the least that Nicholson had been trespassing on MDHA property and, therefore, was justified in conducting an investigatory stop.

Because I believe that the seizure was valid, I respectfully dissent.

**STATE of Tennessee**

v.

**Christopher Lonnie HUDGINS.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 8, 2005 Session.

Aug. 23, 2005.

Paul G. Summers, Attorney General and
Reporter; Michael Markham, Assistant
Attorney General; Victor S. Johnson, III,
District Attorney General; and Kristen
Shea, Assistant District Attorney General,
for the appellant, State of Tennessee.

David E. Brandon (at trial and on appeal), and Peter D. Heil (on appeal), Nashville, Tennessee, for the appellee, Christopher Lonnie Hudgins.

## OPINION

NORMA McGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

The State appeals the trial court's dismissal of its prosecution of the appellee, Christopher Lonnie Hudgins, for driving under the influence of an intoxicant (DUI), second offense, and violating the implied consent law. It contends the trial court erred by concluding the appellee's right to a speedy trial had been violated. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court as to the dismissal of the DUI charge. However, we reverse the dismissal of the implied consent law violation and remand the case to the trial court in order for it to make a determination as to whether the appellant's due process rights were violated.

### I. Factual Background

The record reflects that on September 10, 2000, a police officer arrested the appellee for DUI and the appellee refused to consent to a test for the purpose of determining the alcoholic or drug content of his blood. On November 30, 2000, a preliminary hearing was held in general sessions court, and the trial court dismissed the charges. In April 2001, a Davidson County grand jury indicted the appellee for DUI, second offense, and violating the implied consent law. The indictment was based upon the events of September 10, 2000. However, the appellee was not arrested for the charges until January 2004. On February 25, 2004, the appellee filed a motion to dismiss the charges on the basis that the State had violated his right to a speedy trial.

The Davidson County Criminal Court held a hearing on the motion on March 18, 2004. At the hearing, the appellee testified that he was arrested for DUI on September 10, 2000, and that a preliminary hearing was held on November 30, 2000. He acknowledged that at the preliminary hearing, the general sessions court stated the case was not "worthy of going to the Grand Jury" and dismissed the charges against him. In January 2004, the appellee had a "chance encounter" with a police officer, who asked to see the appellee's driver's license. The police officer told the appellee that a sealed indictment existed against him for DUI and arrested him. The appellee stated that he lived on Big Hurricane Road in Smithville at the time of his September 2000 arrest and that he continued to live there. He also stated that he had held a valid driver's license from the time of the September 2000 arrest. On cross-examination, the appellee testified that the only people present at the time of his September 2000 arrest were a police officer and an off-duty security guard. He stated that he "vaguely" remembered the arrest but acknowledged that he had received no injuries since the arrest that would have affected his memory. He also acknowledged that after the general sessions court dismissed the charges against him, he did not think about the case anymore because he thought the case was over.

The State argued to the trial court that no speedy trial violation existed because the appellee suffered no prejudice. The State noted to the trial court that the appellee did not worry about the charges against him and was not incarcerated. The appellee argued that the trial court should find a speedy trial violation because the State knew where he lived, yet it failed

to prosecute the case against him. In a written order, the trial court agreed with the appellee, concluding that (1) the delay from the time of the grand jury indictment to the appellee's second arrest triggered speedy trial analysis; (2) the State's negligence caused the delay; (3) the appellee's not filing the motion to dismiss until February 25, 2004, should not be held against him because he did not know about the pending charges; and (4) the appellee was prejudiced by the delay. Regarding prejudice, the trial court stated that the "State's negligence in and of itself prejudiced the defendant" and that the appellee "had reason to believe that preparation of a defense was not necessary because the charges were dismissed in General Sessions Court." The trial court dismissed the charges.

## II. Analysis

■ Both the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Tennessee Constitution guarantee an accused the right to a speedy trial. An identical right is found in Tennessee Code Annotated section 40–14–101, which provides that "[i]n all criminal prosecutions, the accused is entitled to a speedy trial, and to be heard in person and by counsel." Moreover, Rule 48(b) of the Tennessee Rules of Criminal Procedure provides that, "if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, presentment, information or complaint." These guarantees were designed "to protect the accused against oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that evidence will be lost or memories diminished." *State v. Utley,* 956 S.W.2d 489, 492 (Tenn.1997) (citing *Doggett v. United States,* 505 U.S. 647, 654, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520 (1992)).

■ The right to a speedy trial is implicated when there is an arrest or a formal grand jury accusation. *Id.* at 491. When a defendant claims a denial of this right, the reviewing court must conduct the balancing test set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether the right to a speedy trial has been violated. *State v. Wood,* 924 S.W.2d 342, 346 (Tenn.1996); *State v. Baker,* 614 S.W.2d 352, 353 (Tenn.1981); *State v. Bishop,* 493 S.W.2d 81, 83–85 (Tenn.1973). Under the *Barker* analysis, the following four factors must be considered: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) the prejudice resulting from the delay. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192. If, after conducting this balancing test, it is concluded that the defendant was in fact denied a speedy trial, constitutional principles require that the conviction be reversed and the criminal charges dismissed. *Bishop,* 493 S.W.2d at 83. In reviewing the trial court's determination regarding whether a defendant's right to a speedy trial was violated, this court should use an abuse of discretion standard. *See State v. Jefferson,* 938 S.W.2d 1, 14 (Tenn.Crim.App.1996).

■ A delay of one year or longer will trigger an inquiry into a speedy trial violation. *See State v. Simmons,* 54 S.W.3d 755, 759 (Tenn.2001). In the instant case, the State concedes that the delay meets the threshold for consideration of the other factors. Thus, this factor weighs in favor of the appellee.

■ The second factor, the reason for delay, generally falls into one of four categories: "(1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant; (2) bureaucratic indifference or negligence; (3) delay necessary to the fair and effective

prosecution of the case; and (4) delay caused, or acquiesced in, by the defense." *State v. Wood,* 924 S.W.2d 342, 346–47 (Tenn.1996) (footnotes omitted). In this case, the State gave no reason for the delay, and the parties agree that the reason for the thirty-three-month delay from the date of the indictment to the appellee's arrest was the State's negligence. Accordingly, this factor will be weighed in favor of the appellee. However, the factor is not entitled to the same amount of weight or consideration as an intentional or deliberate delay purposely caused for improper purposes. *See Wood,* 924 S.W.2d at 347.

 Next, we must consider the appellee's assertion of the right to a speedy trial. Assertion of the right to a speedy trial by a defendant is given great weight in the determination of whether the right was denied. *Barker,* 407 U.S. at 531–32, 92 S.Ct. at 2192–93. "Failure to assert the right implies a defendant does not actively seek a swift trial." *Wood,* 924 S.W.2d at 347. However, when an accused is unaware of pending charges against him, failure to assert the right cannot be weighed against him. *Doggett,* 505 U.S. at 653–54, 112 S.Ct. at 2691. In the instant case, the appellee learned about the grand jury indictments in January 2004 and asserted his right to a speedy trial on February 25, 2004. Thus, this factor also weighs in favor of the appellee.

 Finally, we must consider prejudice to the appellee. This is the "final and most important factor in the [speedy trial] analysis." *Simmons,* 54 S.W.3d at 760. "Courts do not necessarily require a defendant to affirmatively prove particularized prejudice." *Id.* (citing *Doggett,* 505 U.S. at 654–55, 112 S.Ct. 2686, 120 L.Ed.2d 520). Our supreme court has explained that "when evaluating this factor courts must be aware that the speedy trial right is designed: (1) to prevent undue

and oppressive incarceration prior to trial; (2) to minimize anxiety and concern accompanying public accusation; and (3) to limit the possibilities that long delay will impair the defense." *Id.*

 The appellee contends that he was prejudiced by the delay because he only "vaguely" remembers his September 2000 arrest and because the memory of witnesses, including the officer involved, will be diminished. The State argues that there is no prejudice in this case because the appellee was not incarcerated, had no anxiety over the charges, and presented no witnesses to testify that they could not remember the September 2000 arrest. However, we believe that the appellee's testimony regarding his memory of the incident weighs heavily in support of finding that he was prejudiced by the delay. Moreover, we note that this case involved misdemeanor offenses and that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex ... charge." *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192. Finally, we note that our supreme court stated in *Simmons* that the "factors relevant to a speedy trial inquiry are interrelated and depend upon the particular circumstances of each case." 54 S.W.3d at 762. We conclude that the trial court did not abuse its discretion by finding that the State's delayed prosecution of the appellee violated his right to a speedy trial on the DUI charge.

 This, however, does not end our analysis. Generally, a violation of the implied consent law is civil in nature. *See* Tenn.Code Ann. § 55–10–406(a)(3) (providing that a person who violates the implied consent law "shall not be considered as having committed a criminal offense"); *see also State v. Patrick D. Collins,* 166 S.W.3d 721, 725 (Nashville, 2005) (stating

that "[t]he provisions for advising a driver of the consequences of refusing a drug or alcohol test only apply to the State's ability to seek the civil penalty of license suspension"). In the instant case, the trial court dismissed both the DUI charge and the charge of violating the implied consent law based upon its finding that the appellant's right to a speedy trial had been violated. However, as we have noted, the appellant's violation of the implied consent law is civil in nature, not a crime. Therefore, the statutory and constitutional provisions for a speedy trial do not apply to that charge.[1] *See State v. Herman L. Manis*, No. 825, 1989 Tenn.Crim.App. LEXIS 365, at *4 (Knoxville, May 19, 1995) (providing that because the Motor Vehicle Habitual Offenders Act is civil in nature, statutory and constitutional speedy trial provisions did not apply to the appellant's proceedings). Nevertheless, the appellant is still entitled to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Tennes-

see Constitution. Therefore, we reverse the dismissal of the implied consent law violation and remand the case to the trial court in order for it to determine whether the State's delay in seeking the revocation of the appellant's driver's license pursuant to the implied consent law was so excessive as to violate his right to due process. *See State v. McKnight*, 51 S.W.3d 559 (Tenn. 2001).

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's dismissing the DUI charge. However, we remand the case to the trial court for further proceedings consistent with this opinion.

---

1. We note, however, that the statutory and constitutional provisions for a speedy trial would apply if the appellant had been charged with a misdemeanor violation of the implied consent law pursuant to Tenn.Code Ann. § 55–10–406(a)(3).