IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 18, 2022 Session at Memphis[1]

**STATE OF TENNESSEE v. ERNEST G. MCBRIEN**

**Appeal from the Circuit Court for Madison County
No. 00-688, 00-689  Donald H. Allen, Judge**

_____

**No. W2021-00158-CCA-R3-CD**

_____

The defendant, Ernest G. McBrien, appeals the order of the trial court denying his motion to dismiss, revoking his probation, and ordering him to serve his original six-year sentence in confinement.  Upon our review of the record and the parties' briefs, we reverse the judgment of the trial court and dismiss both the original and amended probation violation warrants against the defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and CAMILLE R. MCMULLEN, J., joined.

Brennan M. Wingerter, Assistant Public Defender, Tennessee District Public Defenders Conference, Franklin, Tennessee (on appeal), and Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee (at trial), for the appellant, Ernest G. McBrien.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun Brown, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On August 28, 2000, a Madison County grand jury returned two indictments against the defendant, Ernest G. McBrien.  The defendant was charged in Indictment No. 00-688

_____

[1] Oral argument was heard in this case on the campus of the University of Memphis Cecil C. Humphreys School of Law.

for the sale (count 1) and delivery (count 2) of a Schedule II controlled substance and in Indictment No. 00-689 for the sale (counts 1 & 3) and delivery (counts 2 & 4) of a Schedule II controlled substance. The defendant resolved the indictments on March 26, 2001, by pleading guilty to three counts for the sale of a Schedule II controlled substance in violation of Tennessee Code Annotated § 39-17-417. The judgments were entered against the defendant on April 4, 2001.[2] The trial court imposed six-year terms for each conviction, to be served concurrently, for an effective six-year sentence, suspended to community corrections after 60 days of service. The trial court imposed additional special conditions, as follows:

> To report to Community Corrections within 24 hours of release from jail. Must seek A & D assessment and follow recommendations. Jointly and severally liable with co-defendant for restitution. Must maintain full-time employment. Must submit to monthly drug screens. To pay $100 per month on fines, costs, and restitution beginning [May 1, 2001].

After the defendant relocated to Memphis, the trial court entered an order on October 4, 2002, transferring the defendant's community corrections sentence from the Madison County Community Corrections Program to Correctional Alternatives, Inc. in Shelby County.[3] On August 11, 2004, the trial court entered a second order, transferring the defendant from community corrections to probation under the supervision of the Board of Probation and Parole for the State of Tennessee.

On August 25, 2005, a probation violation report was filed, alleging the defendant failed to report, failed to verify lawful employment, failed to verify that he had paid $405 to the Supervision and Criminal Injuries fund, had absconded, and was arrested and convicted for new crimes. Based on the report, a probation violation warrant was issued on October 3, 2005. The warrant alleged the defendant had obtained new arrests and/or convictions, failed to verify lawful employment, failed to report and all efforts to contact him had been futile, and failed to pay imposed fees. The warrant, however, was not served on the defendant until October 28, 2020.

The defendant filed a motion to dismiss the warrant on December 2, 2020. In the motion, the defendant argued his right to a speedy trial was violated because "[t]he probation violation warrant was pending against the [d]efendant for over fifteen (15) years

---

[2] In docket number 00-688, the trial court merged count 2 with count 1, and the defendant pled guilty to one count of the sale of a Schedule II controlled substance. In docket number 00-689, the trial court merged counts 1 and 2 and counts 3 and 4, respectively, and the defendant pled guilty to two counts of the sale of a Schedule II controlled substance.

[3] The transfer order also noted the defendant's community corrections sentence had previously been "[r]evoked and [r]einstated on August 10, 2001."

before it was actually served upon him." Further, the defendant stated he had "been incarcerated on other occasions in Shelby County, Tennessee, since October 3, 2020, and the 26th Judicial District Attorney's Office failed to place a detainer on the [d]efendant to ensure he would be transported to Madison County to face the probation violation warrant."

An amended probation violation report was filed on December 21, 2020. The report alleged the defendant pled guilty to theft of property on September 14, 2010, failure to appear on September 14, 2010, failure to exercise due care, driving on a revoked/suspended license, and leaving the scene of an accident on April 10, 2013, driving on a revoked/suspended license on May 26, 2015, theft of property valued at $500 or less on August 26, 2015, obstruction of a highway or passageway on August 31, 2015, theft of property on October 30, 2015, and theft of property valued at $500 or less on October 24, 2016. The report also listed the original expiration date for the defendant's sentences as January 26, 2007, but alleged "[o]n or about October 3, 2005[,] a probation violation warrant was signed for the [defendant] by [the trial court] for absconding and his whereabouts have been unknown since that date." As a result, the trial court entered an amended probation violation warrant on December 21, 2020, and the defendant was served on December 22, 2020.[4] A probation violation hearing was held on January 13, 2021, during which the trial court also addressed the defendant's motion to dismiss.

The defendant presented testimony from Latosha Bradford, who served as a probation and parole officer and worked on the defendant's case.[5] Ms. Bradford did not supervise the defendant initially and did not issue the October 2005 warrant against him. However, upon receiving the defendant's case, Ms. Bradford researched whether the defendant had a detainer placed on him. In doing so, Ms. Bradford learned the defendant was arrested in Shelby County on April 10, 2013. After the arrest, the defendant's probation officer at the time contacted the Madison County Sheriff's Department about the probation violation warrant and the need for it to be entered into NCIC[6] "so that it would show up if [the defendant] was ever picked up again in Shelby County." According to Ms. Bradford, however, she "did not see anything after that showing that [the warrant] was entered into NCIC by the warrants division." Subsequently, on September 7, 2018, Ms. Bradford contacted the Madison County Sheriff's Department "about a hold or a detainer being placed on" the defendant, and a representative for the department indicated "that she would get the hold placed on [the defendant]." Ms. Bradford acknowledged that the defendant was arrested on the original probation violation warrant in October 2020 and that she issued the amended probation violation warrant against the defendant which

---

[4] The warrant was filed on December 28, 2020, but defense counsel stated the defendant was served on December 22, 2020.

[5] At the time of the hearing, Ms. Bradford worked as a presentence investigator for the Tennessee Department of Correction.

[6] National Crime Information Center.

alleged he had numerous arrests and convictions in Shelby County. The defense then closed its proof, and the State did not present any evidence.

At the conclusion of the hearing, the trial court denied the defendant's motion to dismiss, revoked the defendant's probation, and reinstated his original six-year sentence to be served in the Tennessee Department of Correction. The defendant timely appealed.

*Analysis*

The defendant asserts his right to a speedy trial was violated, arguing a fifteen-year delay "in pursuing [the] probation violation warrant is inherently prejudicial" and "attributable to bureaucratic neglect or indifference." The State responds that the trial court properly denied the defendant's motion to dismiss for lack of a speedy trial, asserting the defendant caused the delay and failed to establish any prejudice. Upon our review, we agree with the defendant.

Criminal defendants are "entitled to a speedy trial" under both the United States and Tennessee Constitutions and Tennessee statutory authority. U.S. CONST. AMEND. VI; TENN. CONST. art. I, § 9; Tenn. Code Ann. § 40-14-101; *State v. Utley*, 956 S.W.2d 489, 492 (Tenn. 1997). "These guarantees were designed 'to protect the accused against oppressive pre-trial incarceration, the anxiety and concern due to unresolved criminal charges, and the risk that evidence will be lost or memories diminished.'" *State v. Hudgins*, 188 S.W.3d 663, 667 (Tenn. Crim. App. 2005) (quoting *Utley*, 956 S.W.2d at 492). "A probation revocation proceeding is a continuation of a criminal prosecution and thus falls within a defendant's constitutional right to a speedy trial." *State v. Rickey E. Hutchings*, No. M2008-00814-CCA-R3-CD, 2009 WL 1676057, at *4 (Tenn. Crim. App. June 16, 2009) (citing U.S. CONST. amends. XI, XIV; TENN. CONST. art. I, § 9; *Allen v. State*, 505 S.W.2d 715 (Tenn. 1974)). "Probation revocation proceedings are commenced when the trial judge issues the warrant; the warrant serves as the formal accusation." *Id.* at *6 (citing Tenn. Code Ann. § 40-35-311(a)). "A trial court must carefully balance societal interest in punishing criminals against a defendant's interest in a speedy trial, because dismissal of charges is the only available remedy for violation of the right." *Id.* at *4 (citing *State v. Bishop*, 493 S.W.2d 81, 83 (Tenn. 1973)).

To determine whether a speedy trial violation has occurred, the trial court must balance the factors outlined in *Barker v. Wingo*, which include: the length of delay, the reasons for delay, the defendant's assertion of the right to a speedy trial, and the prejudice resulting from the delay. 407 U.S. 514, 530-32 (1972); *see State v. Simmons*, 54 S.W.3d 755, 759 (Tenn. 2001) (adopting the *Barker* test in Tennessee). Dismissal is warranted if the trial court finds a defendant has been denied a speedy trial under the *Barker* analysis. *Barker*, 407 U.S. at 522. This Court reviews the trial court's determination

regarding whether the defendant's right to a speedy trial was violated for an abuse of discretion. *Hudgins*, 188 S.W.3d at 667 (citing *State v. Jefferson*, 938 S.W.2d 1, 14 (Tenn. Crim. App. 1996)).

When looking at the first *Barker* factor, we note that a one-year delay or longer triggers an inquiry into a speedy trial violation. *Id.* It is undisputed that there was a fifteen-year delay between the issuance of the 2005 probation violation warrant and the defendant's 2020 arrest. This factor weighs in favor of the defendant, and we will consider the remaining three *Barker* factors as a result.

The second *Barker* factor, the reason for the delay, usually falls into one of the following categories:

(1) intentional delay to gain a tactical advantage over the defense or delay designed to harass the defendant;
(2) bureaucratic indifference or negligence;
(3) necessary delay for the fair and effective prosecution of the case; and
(4) delay agreed to or caused by the defendant.

*State v. Wood*, 924 S.W.2d 342, 346-47 (Tenn. 1996). The *Wood* court categorized the types of delay further, stating:

> The first type, intentional delay, is weighed heavily against the State. The second type, negligent delay, is also weighed against the State although not as heavily as deliberate delay. The third type of delay is, by definition, justifiable and is not weighed against either party. The fourth type of delay, which is caused or acquiesced in by the defendant, is weighed against the defendant.

*Id.* at 347.

In this case, the defendant asserts the fifteen-year delay "was caused either by Madison County's failure to timely upload the October 2005 warrant into the NCIC database, or by Shelby County's failure to check the NCIC database each time [the defendant] was arrested and released." We agree. The record indicates the trial court transferred the defendant's community corrections sentence from Madison County to Shelby County in 2002. In 2004, the trial court transferred the defendant's sentence from community corrections supervision to supervised probation by the Board of Probation and Parole. After receiving the August 25, 2005, probation violation report from Shelby County, the Madison County trial court issued the October 3, 2005, probation violation warrant. However, Madison County did not serve the warrant until October 28, 2020.

- 5 -

Over the course of the fifteen-year period between issuance and service of the probation violation warrant, the record indicates the defendant's probation officers contacted Madison County in 2013 and 2018 regarding whether any holds or detainers had been placed on the defendant as he was in and out of custody in Shelby County during that time. More specifically, when Ms. Bradford began supervising the defendant, she researched whether the defendant had any type of hold placed on him. Ms. Bradford's research had revealed that the defendant's original probation officer contacted the Madison County Sheriff's Department in 2013 and encouraged the department to enter the defendant's probation violation warrant into NCIC "so that it would show up if he was ever picked up again in Shelby County." The record indicates the department failed to do so. And, according to Ms. Bradford, the Madison County Sheriff's Department did not indicate its intent to place any type of hold on the defendant until she contacted the department in September 2018. Thus, the record shows the Madison County Sheriff's Department made no effort to serve the 2005 warrant after it was issued, including after being put on notice that the probation violation warrant was not entered in NCIC in 2013 and 2018 and that no holds were placed on the defendant as a result, until October 28, 2020. The State was clearly negligent in pursuing the warrant against the defendant, and we weigh this factor against the State.

Though the State asserts the defendant caused the delay by "abscond[ing] from probation in May 2005," nothing in the record supports this assertion. Rather, the record indicates the defendant was in and out of custody in Shelby County between 2003 and 2016. Because the delay in this case was caused by the State, we again conclude the second factor weighs in favor of the defendant.

Looking to the third *Barker* factor, while not required, a defendant's assertion of his speedy trial right is "entitled to strong evidentiary weight." *Barker*, 407 U.S. at 531. The failure to assert the right will ordinarily make it difficult to prove that the right has been denied. *Id.* at 532. After being served with the probation violation warrant on October 28, 2020, the defendant asserted his right to a speedy trial in his motion to dismiss filed on December 2, 2020. Thus, as conceded by the State, this factor weighs in favor of the defendant.

Finally, we consider the prejudice to the defendant caused by the delay in light of the interests protected by the speedy trial right. *Barker*, 407 U.S. at 532. The defendant contends he was prejudiced by the delay in execution of the probation violation warrant because he was not able to "timely complete his Madison County sentence." We agree. The record indicates the defendant's sentence would have expired in 2007 had he not violated the terms of his probation. Instead, a probation violation warrant was issued against the defendant in 2005, and, assuming the warrant had been timely pursued and the

sentence reinstated, the defendant's sentence would have expired in 2011. The warrant, however, was not timely pursued. As a result, the trial court ordered the defendant to serve the six-year sentence nearly ten years after it would have been completed. Because the speedy trial guarantees were designed to protect the defendant against "the anxiety and concern due to unresolved criminal charges," the prejudice factor weighs in favor of the defendant. *Hudgins*, 188 S.W.3d 663, 667 (Tenn. Crim. App. 2005) (internal quotation omitted).

After considering all of the *Barker* factors, we conclude that the defendant's right to a speedy trial was violated and that the trial court abused its discretion in denying the defendant's motion to dismiss. Though not addressed by either party, we note that the amended warrant is to be dismissed as well so as to not create any confusion. While the defendant was "timely served" with the amended warrant, the amended warrant was not issued until well after the defendant's sentence had expired or would have expired had the original warrant been timely served and acted upon. Because the defendant was denied the right to a speedy trial, the judgment of the trial court is reversed, and both the original and amended warrants against the defendant are dismissed.

### *Conclusion*

For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
J. ROSS DYER, JUDGE